IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JABBAR MUHAMMAD ALI WILLIAMS,       *
                                    *
    Plaintiff,                      *
                                    *
        v.                          *       CV 415-037
                                    *
GENE HARLEY; DISTRICT ATTORNEY      *
MEG HEAP; and GILBERT STACY,        *
                                    *
    Defendants.                     *

## O R D E R

This matter is now before the Court on its own initiative. On May 15, 2015, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation ("R&R"), which advised that Jabbar Muhammad Ali Williams's 42 U.S.C. § 1983 action be dismissed with prejudice. (Doc. 7.) For the reasons set forth below, the Court **VACATES** its previous adoption order (doc. 7), as well as the Magistrate Judge's R&R (doc. 4), and **DISMISSES** Mr. Williams's Complaint **WITHOUT PREJUDICE**.

### I. BACKGROUND

On February 20, 2015, the Magistrate Judge issued an order granting Mr. Williams leave to proceed in forma pauperis ("IFP") on the condition that he provide a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account. (Doc. 3.) In closing, the Magistrate Judge advised that "[i]f no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed and

will dismiss this action without prejudice." (Id. at 4-5 (emphasis added).) Nevertheless, on April 3, 2015, after Mr. Williams failed to timely respond to the Magistrate Judge's order conditionally granting him IFP status, the Magistrate Judge recommended that Mr. Williams's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41(b). (Doc. 4 at 1.)

## II. STANDARD OF REVIEW

The Court reviews de novo any portions of a magistrate judge's R&R "to which objection is made." 28 U.S.C. § 636(b)(1). Where neither party files objections, the Court's review is for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court . . . must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting FED. R. CIV. P. 72 advisory committee's note)); see also Butler v. Emory Univ., 45 F. Supp. 3d 1374, 1382 (N.D. Ga. 2014) ("[P]ortions of the R&R to which no objection is made need be reviewed only for clear error." (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006)). In conducting its review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

## III. ANALYSIS

Although Mr. Williams did not object to the Magistrate Judge's R&R, the Court finds clear error in the recommendation and therefore substitutes this order in its stead.

**A. Rule 41(b)**

The Magistrate Judge recommended that the Court dismiss Mr. Williams's case pursuant to Federal Rule of Civil Procedure and Local Rule 41(b). (Doc. 4.) Dismissal of a complaint pursuant to Rule 41(b) "is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt . . . ; and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (emphasis in original) (quoting World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995)). The Eleventh Circuit "rigidly require[s] the district courts to make these findings precisely '[b]ecause the sanction of dismissal with prejudice is so unsparing' and [the Court of Appeals] strive[s] to afford a litigant his or her day in court, if possible." Id. at 1339 (second alteration in original) (quoting Mingo v. Sugar Cane Growers Co-Op. of Fla., 864 F.2d 101, 103 (11th Cir. 1989)). Indeed, failure to make such specific findings generally warrants reversal. See Mingo, 864 F.2d at 102 ("Although [the Eleventh Circuit] occasionally ha[s] found implicit in an order the conclusion that lesser sanctions would not suffice, [it] ha[s]

3

never suggested that the district court need not make that finding, which is essential before a party can be penalized for his attorney's misconduct." (emphasis added; internal quotation marks and citation omitted)).

**B. Application**

Here, the Magistrate Judge failed to make specific findings as to both whether Mr. Williams engaged in a clear pattern of delay or willful contempt and as to whether lesser sanctions would sufficiently address any purported misconduct. The Magistrate Judge instead summarily recommended dismissing Mr. Williams's Complaint with prejudice.

The Court finds that the Magistrate Judge's recommendation is clearly erroneous. At worst, Mr. Williams's failure to comply with the Magistrate Judge's order to furnish a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account was attributable either to neglect or to confusion. But "[m]ere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct" necessary to support the sanction of dismissal with prejudice. See Bettis v. Toys "R" US—Del., Inc., 273 F. App'x 814, 818 (11th Cir. 2008) (citing McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986)). The more reasonable interpretation of Mr. Williams's failure to timely furnish the requested documents is that Mr. Williams accepted the Magistrate Judge's invitation "to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1)." (See Doc. 3 at 3, 4-5 ("If

4

no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed and will dismiss this action without prejudice.").)

Thus, the Court finds that the record does not support dismissal of Mr. Williams's case with prejudice under Federal Rule of Civil Procedure 41(b). Rather, the Court finds Mr. Williams's failure to comply with the Court's order conditionally granting him IFP status is best construed as a voluntary dismissal of his case. (See Doc. 3 at 4-5.)

### IV. CONCLUSION

The Court finds the Magistrate Judge's recommendation that Mr. Williams's case be dismissed with prejudice was clearly erroneous. To prevent manifest injustice, the Court hereby **DIRECTS** the Clerk to **RE-OPEN** this case, **VACATE** the Court's May 15, 2015 Order (doc. 7), and **VACATE** the Magistrate Judge's R&R (doc. 4).

The Court's review of the record makes clear that Mr. Williams's failure to timely comply with the Court's order to furnish a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account is best construed as Mr. Williams's voluntary dismissal of his case. (See Doc. 3 at 4-5.) Accordingly, the Court **DISMISSES** Mr. Williams's Complaint **WITHOUT PREJUDICE**. The Clerk **SHALL ENTER JUDGMENT** accordingly and again **CLOSE** the case.

Pursuant to the order conditionally granting Mr. Williams IFP status, Mr. Williams is not required "to pay the filing fee" and

5

this dismissal does not "count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g)." (See Doc. 3 at 3.)

**ORDER ENTERED** at Augusta, Georgia, this 17th day of June, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA